# In the United States Court of Federal Claims

No. 19-1598T
(Filed: January 2, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MINOR LEE MCNEIL,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed his complaint on October 10, 2019, alleging that the Internal Revenue Service has wrongfully collected federal income taxes from him, has wrongfully levied his earnings, and has wrongfully refused to refund the amount collected from him. In the intervening months, the court granted defendant's motion for an extension of time within which to respond to the complaint and plaintiff filed two motions (a motion for interim relief and a motion to supplement the record). Upon review of plaintiff's filings, we need not wait longer for defendant to file its response to the complaint, because the face of the complaint makes clear that we must dismiss it for lack of jurisdiction.

Plaintiff seeks recovery of overpayment and interest on overpayment on federal income taxes because, he alleges, the collection of federal income taxes is illegal. Plaintiff argues that the United States lacks authority to collect income tax from citizens of states; plaintiff alleges that he is a citizen of the state of Arkansas but not a citizen of the United States. He argues that the current collection of federal income taxes is an unlawful exercise of the United States' power to conduct war; plaintiff's motion to supplement expands on his theory regarding the illegality of collecting federal income taxes. Plaintiff states that this court has jurisdiction over his claim because it arises under the Constitution, citing 28 U.S.C. § 1491(a)(1), and because the

court has jurisdiction over cases alleging illegal collection of federal taxes, citing 28 U.S.C. § 1346(a)(1).

Although courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard, a *pro se* plaintiff is not exempt from demonstrating that the court has jurisdiction over his claim. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act does not create a cause of action, however. "[P]laintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Our understanding is that plaintiff is challenging the United States collecting any amount of federal income taxes from him. Generally, our jurisdiction over tax disputes is limited to tax refund claims, *see* 28 U.S.C. § 1346(a)(1), and plaintiff must meet certain requirements to maintain a tax refund claim in this court. Plaintiff must pay the assessed tax prior to filing the complaint. *Flora v. United States*, 357 U.S. 63, 75 (1958), *aff'd on reh'g*, 362 U.S. 145, 177 (1960). Plaintiff also must file a timely tax refund claim with the IRS, I.R.C. § 7422(a), and provide to this court a copy of the refund claim and the amount, date, and place of each payment to be refunded, RCFC 9(m). Plaintiff's filings do not understandably demonstrate that he has met the requirements to file a tax refund claim in this court.

Much of plaintiff's complaint addresses his wrongful levy theory, expanded on in his motion for interim relief. To the extent plaintiff alleges a wrongful levy claim, we do not have jurisdiction over that claim. Federal district courts have jurisdiction over such suits. I.R.C. §§ 7426(a)(1), 7433. To the extent plaintiff challenges the validity of a federal tax lien, this court likewise does not have jurisdiction over that claim. Tax lien challenges must be filed in either federal district court or state court. 28 U.S.C. § 2410(a); I.R.C. § 7432(a).

Plaintiff broadly claims that the United States lacks jurisdiction to

take money from him through the collection of federal income taxes. Although the court has jurisdiction over a takings claim asserted under the Fifth Amendment to the United States Constitution, plaintiff has not alleged such a claim here, because he alleges that the collection was unlawful. *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001) ("[I]n a takings case we assume that the underlying governmental action was lawful, and we decide only whether the governmental action in question constituted a taking for which compensation must be paid."). Moreover, the obligation to pay money or the filing of a notice of a lien, without more, is not a taking. *See Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339-40 (Fed. Cir. 2001); *First Atlas Corp. v. United States*, 23 Cl. Ct. 137, 139-41 (1991).

Finally, to the extent that plaintiff alleges other acts of war or similar illegal actions, this court lacks jurisdiction over those claims as well. As recited above, the Tucker Act excludes claims sounding in tort from this court's jurisdiction. To the extent plaintiff alleges that the IRS has intentionally or negligently violated the tax code in its collection of taxes, plaintiff must bring his claim in a federal district court. I.R.C. § 7433(a).

Because plaintiff's complaint does not identify a cause of action over which this court has jurisdiction, the complaint must be dismissed. RCFC 12(h)(3). Accordingly, the following is ordered:

1. Plaintiff's motion for interim relief from unlawful IRS levy is denied.

2. Plaintiff's motion to supplement the record is denied.

3. Plaintiffs' complaint is dismissed for lack of jurisdiction. The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge